IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BAZAVIOUS RIVERS,** | § | |
| **MOVANT,** | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-782-M-BK |
| | § | (CRIMINAL CASE NO. 3:17-CR-460-M-11) |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Bazavious Rivers' *Agreed Motion for Relief Under 28 U.S.C. § 2255* was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **GRANTED**.

The parties agree that relief should be granted in this case due to a fundamental defect in the underlying criminal proceedings. Specifically, Rivers agreed to a 10-year sentence under Federal Rule of Criminal Procedure 11(c)(1)(C) while operating under the mistaken belief that 10 years was the minimum term he would receive if convicted under 18 U.S.C. § 924(c)(1)(B)(i)—later discovered to be an invalid statutory provision. Doc. 2 at 1-2. Thus, the parties jointly ask the Court to vacate Rivers' guilty plea and sentence. Doc. 2 at 3. Upon review, the Court finds that the motion is well taken.

Accordingly, Rivers' *Agreed Motion for Relief Under 28 U.S.C. § 2255* should be **GRANTED** and his guilty plea and sentence for conspiracy to distribute a controlled substance,

in violation of 21 U.S.C. § 846 (Count 1), should be **VACATED**.

    **SO RECOMMENDED** on April 9, 2020.

    _____
    RENEE HARRIS TOLIVER
    UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).